085512.0014(207)　　　　　　　　RMC:lab　　　　　　　　#397

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **AUTO-OWNERS INSURANCE COMPANY,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **TRI-CITY BUILDING & CONSTRUCTION TRADES COUNCIL and CARLSON BROTHERS, INC.,** | ) ) ) ) |
| **Defendants.** | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Auto-Owners Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Tri-City Building & Construction Trades Council and Carlson Brothers, Inc., alleges the following:

### JURISDICTION

1.　　The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage.

## VENUE

2. Venue is premised upon 28 U.S.C. § 1391 as the transaction arose in this District and one of the Defendants is a resident of this District.

## THE PARTIES

3. Auto-Owners Insurance Company ("Auto-Owners") is a Michigan insurance corporation, which maintains its principal place of business in Lansing, Michigan, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4. Tri-City Building & Construction Trades Council ("Tri-City") is an Illinois not-for-profit corporation which maintains its principal place of business in Rock Island, Illinois.

5. Carlson Brothers, Inc. ("the underlying Plaintiff") is the plaintiff in a certain action brought against Tri-City in this Court, which action is more fully described herein, and which has been joined as a nominal but interested party to this declaratory judgment action. Auto-Owners sought no relief from the underlying Plaintiff, which has been joined as a defendant solely to be bound by the judgment to be rendered in this cause.

## THE AUTO-OWNERS POLICIES

6. Auto-Owners issued its policy of insurance numbered 91-128-943-01to Tri-City as named insured. The Businessowners Policy provided for, among other things, Businessowners Liability Insurance on a primary basis for the effective period of April 17, 2023 to April 17, 2024. A true and correct copy of the Auto-Owners policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

7. Auto-Owners also issued its policy of insurance numbered 91-128-943-03 to Tri-City as named insured. The Commercial Umbrella policy provided for, among other things, umbrella liability insurance for the period of April 17, 2023 to April 17, 2024. A true and correct copy of the aforesaid Auto-Owners policy is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

### THE UNDERLYING LITIGATION

8. An action for damages was filed against Tri-City by the underlying Plaintiff seeking damages for injuries allegedly violating the Labor Management Relations Act when Tri-City allegedly advised the Greater Metropolitan Housing Authority of Rock Island County that it would not sign a Project Labor Agreement with the underlying Plaintiff which had been selected by the aforesaid housing authority to provide construction management services for a construction project in East Moline, Illinois, all of which more fully appears in the Complaint attached hereto as Pleading Exhibit C.

### COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND)

9. Auto-Owners adopts and repeats the allegations of ¶¶ 1 through 8 as and for ¶ 9 hereof as though the same were fully set forth herein.

10. While the Auto-Owners primary policy, Pleading Exhibit A, extends coverage to an insured for "bodily injury," "property damage," "advertising injury," and "personal injury" as defined therein, the claims in the action by the underlying Plaintiff against Tri-City are not covered by the Auto-Owners primary policy of insurance.

11. The Auto-Owners policy provides in its Insuring Agreement for "bodily injury" and "property damage" as follows (Ex. A. at 69):

**A. COVERAGES**

**1. Business Liability** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage," "personal injury" or "advertising injury" to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under COVERAGE EXTENSION SUPPLEMENTARY PAYMENTS.

    **a. This insurance applies only:**

        **(1)** To "bodily injury" or "property damage":

            **(a)** That occurs during the policy period; and

            **(b)** That is caused by an "occurrence". The "occurrence" must take place in the "coverage territory".

        **(2)** To "personal injury" caused by an offense:

            **(a)** Committed in the "coverage territory" during the policy period; and

            **(b)** Arising out of the conduct of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you.

        **(3)** To "advertising injury" caused by an offense committed:

            **(a)** In the "coverage territory" during the policy period; and

            **(b)** In the course of advertising your goods, products or services.

    **b.** We will have the right and duty to defend any "suit" seeking those damages. But

        **(1)** The amount we will pay for damages is limited as described in Section D – Limits of Insurance;

4

  **(2)** We may investigate and settle any claim or "suit" at our discretion; and

  **(3)** Our right and duty to defend will end when we have used up the applicable limit of insurance in the payment of judgment or settlements or medical expenses.

 **c.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

* * * * *

12. The Auto-Owners policy provides a Labor Union Endorsement as follows (Ex. A. at 39):

<b>LABOR UNION ENDORSEMENT</b>

**THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE BUSINESSOWNERS POLICY**.

It is agreed under the BUSINESSOWNERS LIABILITY COVERAGE FORM, B. EXCLUSIONS, the following exclusions are added:

This policy does not apply to:

1. "bodily injury" or "property damage" arising out of:

a. The failure of performance of:

  (1) collective bargaining agreements;
  (2) labor agreements and contracts; or
  (3) any other contractual agreement similar to (1) or (2); between you and an employer

b. Any lockout, strike, picket line, or other similar operation incidental to:

  (1) A labor dispute; or
  (2) Labor negotiations.

All other terms and conditions of the policy apply.

* * * * *

13. The Auto-Owners policy defines certain terms used in the Insuring Agreement set forth in ¶ 11 hereof as follows (Ex. A. at 78, 79 80):

> 3. **"Bodily injury"** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> \* \* \* \* \*
>
> 9. **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> \* \* \* \* \*
>
> 12. **"Property Damage"** means:
>
> a. Physical injury to tangible property, including all resulting loss of use of that property; or
>
> b. Loss of use of tangible property that is not physically injured.

14. Tri-City tendered its defense to Auto-Owners for the action brought by the underlying Plaintiff, and Auto-Owners rejected that tender for the reasons stated herein.

15. Auto-Owners contends that it has no duty or obligation under its primary policy to defend Tri-City in connection with the claims made against it by the underlying Plaintiff for one or more or all of the following reasons:

> (a) That the Complaint does not allege "bodily injury" as defined by the policy of insurance.
>
> (b) That the Complaint does not allege "property damage" as defined by the policy of insurance.
>
> (c) That the Complaint does not allege an "occurrence," that is, an accident which caused either "bodily injury" or "property damage."

6

  (d)  That the Complaint does not allege "advertising injury" or "personal injury" as those terms are defined by the policy of insurance.

 16. The above contentions of Auto-Owners are, on information and belief, denied by Tri-City which, in turn, contends that it is entitled to coverage under the Auto-Owners policy of insurance. Auto-Owners, in turn, denies the contrary contentions of Tri-City and each of them.

 17. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT II
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND)

 18. Auto-Owners adopts and repeats the allegations of ¶ 1 through 17 as and for ¶ 18 hereof as though the same were fully set forth herein.

 19. While the Auto-Owners umbrella policy, Pleading Exhibit B, extends coverage to an insured for "bodily injury," "property damage," "advertising injury," and "personal injury" as defined therein, the claims in the underlying action by the underlying Plaintiff against Tri-City are not covered by the Auto-Owners umbrella policy of insurance.

7

20. The Auto-Owners umbrella policy in its defense endorsement provides in part as follows (Ex. B. at 32):

**When Underlying Insurance Does Not Apply To An Incident**

When **underlying insurance** does not apply to an incident which is covered by this policy, **we** have the right and duty to defend any **suit** against the **insured** seeking damages on account of **bodily injury**, **property damage**, **personal injury** or **advertising injury**. **We** may investigate and settle any claim or **suit** at **our** discretion, but **our** right and duty to defend any **suit** ends when **we** have used up **our** limit of liability as described in the **LIMITS OF LIABILITY** section in payment of judgments or settlements.

21. The Auto-Owners umbrella policy defines certain terms as follows (Ex. B. at 13):

    **E.**     **Bodily injury** means bodily injury, bodily sickness or bodily disease sustained by a person, including death resulting from any of these at any time.

*  *  *  *  *

    **I.**     **Incident** means either an occurrence or an offense, whichever is the basis of coverage, then

        **1.**     Whenever coverage applies on an occurrence basis, **incident** means an **incident** with respect to:

            **a.**     **Bodily injury**, including damages claimed by any person or organization for care, loss of services or death resulting at anytime from the **bodily injury**; or

            **b.**     **Property damage**

                including continuous or repeated exposure to substantially the same general harmful conditions. Continuous or repeated exposure to substantially the same general harmful conditions constitutes one **incident**.

        **2.**     When coverage applies on an offense basis, **incident** means an offense committed by the **insured** resulting in **personal injury** or

>> **advertising injury**, including all such injury sustained by any one person or organization.

>> \* \* \* \* \*

> **P.** **Property damage** means:

>> **1.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss shall be deemed to occur at the time of the physical injury that caused the loss of use.

>> **2.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the **incident** that caused the loss of use.

> For the purposes of this insurance, electronic data is not tangible property.

> As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

22. The Auto-Owners umbrella policy contains a Labor Union Exclusion which provides in part as follows (Ex. B. at 41):

**LABOR UNION EXCLUSION**
**Commercial Umbrella Policy**

It is agreed:

The following exclusions are added to the **EXCLUSIONS** section of the policy:

\* \* \* \* \*

> **2.** **Bodily injury, property damage, personal injury** or **advertising injury** arising out of:

>> **a.** The failure or performance of:

>>> **(1)** Collective bargaining agreements between **you** and an employer.

9

    **(2)** Labor agreements and contracts between **you** and an employer; or

    **(3)** Any other contractual agreement similar to **a.(1)** or **a.(2)** between **you** and an employer; or

  **b.** Any lockout, strike picket line or other similar operation incident to:

    **(1)** A labor dispute; or

    **(2)** Labor negotiations.

All other policy terms and conditions apply.

23. Tri-City tendered its defense to Auto-Owners for the action brought by the underlying Plaintiff, and Auto-Owners rejected that tender for the reasons stated herein.

24. Auto-Owners contends that it has no duty or obligation under the umbrella policy to defend Tri-City in connection with the claims made against it by the underlying Plaintiff for one or more or all of the following reasons:

  (a) That the Complaint does not allege "bodily injury" as defined by the policy of insurance.

  (b) That the Complaint does not allege "property damage" as defined by the policy of insurance.

  (c) That the Complaint does not allege an "occurrence," that is, an accident which caused either "bodily injury" or "property damage."

  (d) That the Complaint does not allege "advertising injury" or "personal injury" as those terms are defined by the policy of insurance.

25. The above contentions of Auto-Owners are, on information and belief, denied by Tri-City which, in turn, contends that it is entitled to coverage under the Auto-Owners policy of insurance. Auto-Owners, in turn, denies the contrary contentions of Tri-City and each of them.

26. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

### PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Auto-Owners Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A. That Auto-Owners Insurance Company has no duty or obligation to provide a defense to Tri-City Building & Construction Trades Council for the action filed by Carlson Brothers, Inc. under Cause No. 24 C 12648 under its primary policy of insurance numbered 91-128-943-01.

B. That the Court grant Auto-Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That Auto-Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT II:

A. That Auto-Owners Insurance Company has no duty or obligation to provide a defense to Tri-City Building & Construction Trades Council for the action filed in by Carlson Brothers, Inc. under Cause No. 24 C 12648 under its umbrella policy of insurance numbered 91-128-943-03.

B. That the Court grant Auto-Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That Auto-Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

*/s/ Robert Marc Chemers*
Robert Marc Chemers
Bar No. 0431508
PRETZEL & STOUFFER, CHARTERED
200 South Wacker Drive
Suite 2600
Chicago, Illinois 60606
Telephone: (312) 578-7548
Fax: (312) 346-8242
E-Mail: rchemers@pretzel-stouffer.com